UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 06-CR-0184(3) (PJS/SRN) |
| | Case No. 16-CV-1995 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| OSCAR SERVANDO GONZALES AISPURO, | |
| Defendant. | |

Oscar Servando Gonzales Aispuro, pro se.

Defendant Oscar Gonzales pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. In March 2007, Judge Paul A. Magnuson sentenced Gonzales to 168 months in prison and five years of supervised release. ECF No. 217. He did not file an appeal.

This matter is before the Court on Gonzales's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied. Because the record conclusively demonstrates that Gonzales is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Gonzales brings his § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *Johnson* applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Gonzales was not convicted or sentenced under the ACCA. Instead, his guidelines range was increased because he was found to be a career offender. *See* U.S.S.G. §§ 4B1.1, 4B1.2 (Nov. 1, 2006).[1] The career-offender guideline contains a residual clause that is identical to the residual clause found unconstitutionally vague in *Johnson*. U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").

Gonzales argues that, like the residual clause in the ACCA, the residual clause in the career-offender guideline is unconstitutionally vague. Gonzales may well be correct; the Supreme Court will address that question during the 2016 Term. *See Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016). But whether or not the residual clause in the career-offender guideline is constitutional is irrelevant in this case. Gonzales was not found to be a career offender because he had two previous convictions that "counted" under the residual clause; he was found to be a career offender because he had two previous controlled-substance convictions. *See* PSR ¶¶ 44,

---

[1] All citations to the Guidelines are to the November 1, 2006 version, which was in effect at the time of Gonzales's sentencing and was used to calculate his guidelines range.

47, 48; U.S.S.G. § 4B1.1(a)(3) (controlled-substance offenses are predicate offenses for career-offender purposes). The residual clause thus had nothing to do with the finding that Gonzales is a career offender. His § 2255 motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 314] is DENIED.

2. No certificate of appealability will issue.

3. The government's motion for a stay of the government's response [ECF No. 315] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 25, 2016     s/Patrick J. Schiltz
                         Patrick J. Schiltz
                         United States District Judge